FILED
CLERKS OFFICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

2005 FEB 29  P 2: 55

**CIVIL ACTION NO.**

U.S. DISTRICT COURT
DISTRICT OF MASS.

BELLA SANTE, INC. d/b/a )
BELLA SANTE DAY SPAS and )
GROMAX ENTERPRISES, INC. )
    Plaintiffs, )
  )
  )
v. )
  )
  )
BELLA FONTE DAY SPA INC. )
    Defendant. )
_____ )

**05 CV 10394 MLW**

RECEIPT # _62404_
AMOUNT $ _250.00_
**COMPLAINT AND JURY DEMAND**
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. _M.P._
DATE _3/1/05_

**THE PARTIES**

MAGISTRATE JUDGE ___JGD___

1.    The Plaintiff, Bella Sante, Inc. [hereinafter "the Plaintiff"], is a Massachusetts corporation with its principal offices at 38 Newbury Street, Boston, Suffolk County, Massachusetts and 76 Bedford Street, Lexington, Middlesex County, Massachusetts and does business as Bella Sante Day Spas..

2.    The Plaintiff, Gromax Enterprises, Inc.[hereinafter "Gromax"], is a Massachusetts corporation with its principal offices at 21 Village Road, Dover, Norfolk County, Massachusetts.

3.    The Defendant, Bella Fonte Day Spa, Inc. [hereinafter "the Defendant "], is a corporation with its principal office at 89 Thoreau Street, Concord, Middlesex County, Massachusetts.

**THE FACTS**

4.    Gromax is the owner of the Service Mark "Bella Sante" as registered with the U.S. Patent and Trademark Office as Registration # 2,322,511 in accordance with its application for registration of such service mark in June 1997.

5.    The Service Mark "Bella Sante" is registered for "Day Spa Services, namely Tanning, Massage and Manicure services; and Health Spa Services according to the Registration Statement, a copy of which is attached hereto as Exhibit A.

6.    For more than six years Plaintiff has been the exclusive licensee of Gromax with regard to the use of the registered name "Bella Sante" in conjunction with the operation of a Day Spa .

1

7.   For more than six (6) years, Plaintiff has conducted a salon and day spa for men and women under the name "Bella Sante" providing comprehensive beauty services and products including, inter alia, day spa services, health spa services and massage manicure services [hereinafter "this business"].

8.   The Plaintiff's customer base encompasses all areas of the Commonwealth of Massachusetts, New Hampshire, Maine, Rhode Island and Connecticut, with the majority of its customers residing in Massachusetts.

9.   During the period of operating this business, the Plaintiff has expended large sums of money in advertising the business and the services offered by it as well as the trade name "Bella Sante". Exhibit B, attached hereto contains examples of Plaintiff's print advertisements.

10.  During the entire period of operating this business, the Plaintiff has used, as a trade name, the words "Bella Sante and those distinct words alone in connection with advertising and promoting this business.

11.  As a result of its efforts in establishing a high quality of services in its business and the use of the trade name in connection with it, the goodwill of the Plaintiff's business is extremely valuable. Plaintiff's services have received the "Best in Boston" distinction for 2000, 2001, and 2002 from a variety of reputable publications in the community from which its customers are drawn.

12.  Plaintiff's use of the words "Bella Sante" has been exclusive, continuous, and uninterrupted for a period of not less than six (6) years, and it has become identified with the Plaintiff and its business and its goodwill.

13.  The public within the area in which the Plaintiff's customers are located, as stated in Paragraph 5, immediately recognize the use of the words "Bella Sante" as being connected with the Plaintiff's business.

14.  This use and the recognition of the public in associating the name with the business of the Plaintiff has given the words "Bella Sante" a secondary meaning within the area described and has resulted in an association so that the words "Bella Sante" have become synonymous with the Plaintiff's business.

15.  On or about December 1, 2004, the Plaintiff learned that the Defendant had opened a business at 89 Thoreau Street, Concord, Massachusetts that was of the same general character as the Plaintiff's existing businesses and had named its business "Bella Fonte". Members of the public in the area described in paragraph 4 began doing business with the Defendant in the mistaken belief that they were doing business with the Plaintiff. Customers, vendors, distributors and advertisers mistakenly believed that they were doing business with the Plaintiff.

2

16. The Defendant created a list of services offered by Bella Fonte to its customers that was substantially similar in both name and description to the services and names of services offered by the Plaintiff at its business locations. A copy of the Defendant's list of services is attached hereto as Exhibit C. A copy of the Plaintiff's list of services is attached hereto as Exhibit D.

17. Clients of the Plaintiff have informed the Plaintiff that they believed that the Defendant was affiliated with the Plaintiff because of, inter alia, the similarity in names, services and appearance of the two businesses. In addition, at least two of Plaintiff's clients were told by management of the Defendant that the Defendant was "associated" with the Plaintiff.

18. The Defendant has copied the logo of the Plaintiff as well as the interior design of the Plaintiff so as to cause confusion between the two businesses. Defendant provides its clients with substantially the same slippers and robes as does the Plaintiff and provides to its clients water infused with cucumbers and lemons in the same manner that the does for its clients.

19. The Defendant has attempted to copy the name, appearance, services and ambiance of the Plaintiff's business so as to confuse the public into believing that its business is associated with, affiliated with, or operated by the Plaintiff.

20. As soon as Plaintiff learned of the opening of Defendant's business, Plaintiff through its counsel, demanded that the Defendant cease and desist the unfair business practices and unfair competition and specifically cease using the name Bella Fonte Day Spa, the Spa in Concord because that name was misleading the to public and detrimental to Plaintiff. A copy of the Cease and Desist notification is attached hereto as Exhibit E.

21. The Defendant, despite actual receipt of the notice to cease and desist set forth as Exhibit E to this complaint failed to cease and desist and did not change any aspect of the promotion, name, signage or operation of its business.

### COUNT I- Misappropriation of Trade Name and for Accounting

22. Plaintiff restates and re-alleges paragraphs one through twenty-one as if incorporated herein.

23. The Defendant, by use of the words "Bella Fonte Day Spa" has misled and deceived the public into the belief that the Defendant's business is part of the Plaintiff's business and will continue to so deceive and mislead the public and create confusion in the trade.

24. The Defendant, by use of the words "Bella Fonte Day Spa" has, as the Plaintiff is informed and believes, succeeded in doing business with the customers of the Plaintiff while they are under the impression they are doing business with the Plaintiff, and will

3

continue to succeed in doing business with customers who are intending to deal with the Plaintiff, all to the diminution of the business and profit of the Plaintiff and to his damage.

25. Defendant, by use of the words "Bella Fonte Day Spa," is causing confusion with customers, venders, suppliers and distributors who ordinarily do business with the Plaintiff.

26. The acts of the Defendant are in violation of the Plaintiff's rights with respect to such name and have been committed without consent of the Plaintiff and against his will.

27. The acts of the Defendant in violation of the rights of the Plaintiff are willful and constitute violations that damage the business and goodwill of the Plaintiff, to the Plaintiff's irreparable damage.

28. The Plaintiff is informed and believes that the Defendant is continuing and intends indefinitely to continue to violate the Plaintiff's right with respect to the trade name and will continue to appropriate to his own use and business the words "Bella Fonte Day Spa."

29. The damage to the Plaintiff which has resulted and will continue to result is not subject to exact determination.

30. Plaintiff has no adequate remedy at law.

### Count II- Unfair Competition - Duplication and "Palming Off" of Product

31. Plaintiff restates and re-alleges paragraphs one through thirty-one as if incorporated herein.

32. Plaintiff, at all times stated in this Complaint was, and still is, engaged in providing day spa services, beauty salon services and product sales.

33. At all times stated in this Complaint the Defendant was and still is engaged in direct competition with the Plaintiff.

34. Since on or about October 6, 1998, the Plaintiff has acquired, manufactured, distributed, and promoted various products and services in the Commonwealth, derived from certain discoveries and inventions produced by the Plaintiff.

35. Plaintiff has achieved substantial business success with its products and specialized services.

4

36.   Beginning on or about October 1998, the Plaintiff commenced an advertising and
      promotional program in the Commonwealth and used a wide range of publicity devices,
      at a cost of in excess of $750,000.00, to popularize its various products and services and
      stimulate its sales in the United States and specifically in the New England region.

37.   Plaintiff is informed and believes that at a time and place unknown to the Plaintiff, the
      Defendant offered services and obtained various products sold by the Plaintiff's salon and
      copied and duplicated them for distribution in the United States and Massachusetts, and
      thereupon proceeded to market and distribute them in the United States and
      Massachusetts.

38.   Plaintiff is informed and believes that copying and duplication was achieved by direct
      copying of the services, design and materials used by the Plaintiff, so that the services
      and products produced by the defendant cannot, on the surface, be distinguished from the
      services and products produced by the Plaintiff.

39.   Defendant offers such services under the name "Bella Fonte Day Spa," a name similar to
      that used by the Plaintiff since about October 6, 1998, and the name so adopted and used
      by the Defendant was purposely chosen to confuse the buying public and has achieved
      the purpose desired by the Defendant. Defendant further adds to "Bella Fonte Day Spa,"
      the words "the Spa in Concord."  Plaintiff adds to its trade names, "The Spa on Newbury
      Street and the Spa at Lexington" to denote the location of its business.

40.   These acts by the Defendant constitute an appropriation of the services and products
      designed and promoted by the Plaintiff, a business asset which the Plaintiff developed
      and enhanced by the investment of its money and skill.

41.   The acts of the Defendant constitute unfair competition with the Plaintiff in that they
      are unauthorized and are appropriations of the research, design, promotion, and skill of
      the Plaintiff, and are an unlawful appropriation of the Plaintiff's property rights in its
      products and services, and deprive the Plaintiff of sales and profits to which it is entitled
      and which it would receive except for the acts of the Defendant.

42.   The acts and conduct of the Defendant are calculated and designed to trade unlawfully on
      the popularity and goodwill created by the Plaintiff in connection with its various
      products and services, and unlawfully "palm off" their services and products by inducing
      the public, who would otherwise buy the Plaintiff's services and products, to buy their
      unauthorized services and products.

43.   Unless the Defendant is restrained from distributing and selling its products and services
      and using the name "Bella Fonte Day Spa" for such products, the Plaintiff will be
      irreparably damaged.

44.   The Plaintiff has no adequate remedy at law.

5

## Count III - Misappropriation of Registered Trade Mark and Trade Dress

45.    Plaintiff restates and re-alleges paragraphs one through forty-four as if incorporated herein.

46.    Beginning in October 1998, the Plaintiff commenced using the word "Bella Sante" as an identifying trade mark with respect to selling and distribution of various spa and salon services, goods and products.

47.    The Plaintiff used this mark to signify the distinction, uniqueness and individuality of its services, goods and products.

48.    In June 1997, the Plaintiff caused such service mark to be registered, in accordance with Mass. General Laws, Ch.110B.

49.    The Plaintiff has used such mark on the aforementioned services, products and goods in all its advertising and on its stationary since 1998 in the form set forth in Exhibit F attached hereto.

50.    The Plaintiff is informed and believes that the Defendant has used such registered mark in connection with its business, including its goods, advertising, correspondence, and signs at its place of business since sometime in 2004.

52.    On or about December 3, 2004, the Plaintiff notified the Defendant of its mark and the registration of such mark and requested that the Defendant immediately cease its use of such words and trade dress in connection with its business.

53.    The Defendant has not taken remedial action in response to such request and has continued, and is now continuing, to use such mark in advertising and promoting its business.

54.    This mark has become familiar to the Plaintiff's customers and the general public within Massachusetts, in describing and relating to the Plaintiff's services, goods, and business and in connection with its goodwill, reputation, and unique features.

55.    This service mark is invaluable to the Plaintiff because of the public knowledge relating to it and the public acceptance of it in identifying the Plaintiff's services, goods and business.

56.    The Plaintiff and the Defendant are in competing businesses.

57.    The Defendant's use of the trade mark is deceptive and confusing to the public and the Plaintiff's customers.

6

58.    The injury and damage the Plaintiff will suffer if the Defendant continues to use such word in connection with its business is impossible to ascertain.

59.    The Plaintiff has no remedy at law.

### Count IV - Violation of Chapter 93A

60.    Plaintiff restates and re-alleges paragraphs one through fifty-nine as if incorporated herein.

61.    MGL ch. 93A, s.2, makes "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful.

62.    From at least July 2004 to the present, Defendant directly employed unfair and deceptive acts and practices by intentionally misleading and deceiving the public and other commercial entities into the belief that the Defendant's business is part of the Plaintiff's business and will continue to so deceive and mislead the public.

63.    The acts and conduct of the defendant are calculated and designed to trade intentionally on the popularity and goodwill created by the Plaintiff in connection with its business, Bella Sante Day Spas.

64.    Therefore, the Defendant's conduct, as set forth in this Complaint, are in violation of MGL ch. 93A.

### Count V - Trademark Infringement in Violation of 15 U.S.C. 1114

65.    Plaintiff restates and re-alleges paragraphs one through sixty-four as if incorporated herein.

66.    As a result of Plaintiff's registration of its trademark, it is entitled to the exclusive use of the trademark without interference by Defendant.

67.    Defendant's conduct interferes significantly with the Plaintiff's exclusive right to the use and enjoyment of its trademark.

68.    Defendant's conduct is intentional, knowing, and willful and in violation of 15 U.S.C. 1114.

69.    As a result of Defendant's conduct, Plaintiff is entitled to all damages and remedies available pursuant to 15 U.S.C. 1115 and related statutes.

### Count VI - Unfair Competition in Violation of 15 U.S.C. 1125

70.    Plaintiff restates and re-alleges paragraphs one through sixty-nine as if incorporated herein.

71.    Defendant has used and is using in commerce words, terms, names, symbols, devices, or a combination thereof, and false or misleading designations of origin, descriptions of fact, or representations of fact that are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

72.    Defendant has used and is using in commerce words, terms, names, symbols, devices, or a combination thereof, and false or misleading designations of origin, descriptions of fact, or representations of fact in commercial advertising or promotion that misrepresents the nature, characteristics, qualities or origin of Defendant's goods, services, or commercial activities.

73.    Defendant's conduct is intentional, knowing, and willful and in violation of 15 U.S.C. 1125.

74.    As a result of Defendant's conduct, Plaintiff is entitled to all damages and remedies available pursuant to 15 U.S.C. 1125 and related statutes.

### Count VII - Violation of Mass. Gen. L. Ch. 110b §11

75.    Plaintiff restates and re-alleges paragraphs one through seventy-four as if incorporated herein.

76.    Defendant's actions constitute the use of a colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of goods and services that is likely to cause, and has actually caused, confusion or mistake, or deceived customers into believing that the Defendant is the Plaintiff or affiliated with the Plaintiff.

77.    Defendant has also reproduced, counterfeited, copied, or colorably imitated Plaintiff's registered mark and applied such reproduction to labels, signs, prints, packages, wrappers, receptacles, or advertisements used in commerce in connection with the sale, offering for sale, distribution, or advertising of Defendant's services in such a way as is likely to cause, and has caused, confusion or mistake, or deceived customers.

78.    Defendant's conduct is intentional, knowing, and willful and in violation of Mass. Gen. L. Ch. 110B.

79.    As a result of Defendant's conduct, Plaintiff is entitled to all damages and remedies available pursuant to Mass. Gen. L. Ch. 110B and related statutes.

8

## **Count VIII - Injunctive Relief Pursuant to Mass. Gen. L. Ch. 110B § 12**

80. Plaintiff restates and re-alleges paragraphs one through seventy-nine as if incorporated herein.

81. Defendant's conduct as set forth above is likely to cause injury to Plaintiff's business reputation.

82. Defendant's conduct as set forth above is likely to cause dilution of the distinctive quality of Plaintiff's valid, registered mark(s).

83. Due to the likely effects of Defendant's conduct on Plaintiff's business, Plaintiff is entitled to injunctive relief pursuant to Mass. Gen. L. Ch. 110B § 12.

WHEREFORE, Plaintiff demands judgment:

I.   Defendant be permanently restrained from use of the words "Bella Fonte" or any colorable imitation, as a trade name or trade slogan in connection with the conduct of its business or as a part of its corporate name within the geographical areas of Massachusetts, New Hampshire, Maine, Rhode Island and Connecticut.; and.

II.  Defendant be temporarily restrained during the pendancy of this action from any use of the words "Bella Fonte" to the same extent requested for by the request for the permanent injunction; and

III. Defendant be required to render an accounting to Plaintiff of all business conducted by it during which it used the words "Bella Fonte"; and

IV.  For judgment against Defendant for damages sustained by reason of the unlawful use of the trade name and all profits realized by Defendant arising from such use; and

V.   For all damages to which Plaintiff is entitled pursuant to 15 U.S.C. 1115 et seq.; and

VI.  For all damages to which Plaintiff is entitled pursuant to 15 U.S.C. 1125 et seq.; and

VII  For all damages to which Plaintiff is entitled pursuant to M.G.L.c.110B et seq.; and

VIII. For counsel fees incurred in connection with this action;

9

IX.   For multiple damages as permitted by law; and

X.    For costs.

PLAINTIFF DEMANDS A TRIAL BY JURY
ON ALL ISSUES CONTAINED IN THIS COMPLAINT
FOR WHICH A TRIAL BY JURY IS PERMITTED.

Bella Sante, Inc. and,
Gromax Enterprises, Inc., Plaintiffs,
By their attorneys

John E. Sutherland, BBO# 488960
Michael P. Friedman BBO# 180200
Angela H. Magary, BBO# 644499
BRICKLEY, SEARS & SORETT, P.A.
75 Federal Street
Boston, MA 02110
(617) 542-0896

Dated: February 15, 2005

## VERIFICATION

I, Tiffany Amorosino, do hereby, under oath depose and state that I have read this Complaint and the allegations contained herein and they are true and accurate and based upon my own personal knowledge and to the extent that they are based on information supplied to me by others, I believe such information to be true to the best of my knowledge and belief..

Signed under the penalties of perjury this _23_ day of February, 2005.

_Tiffany Amorosino_
Tiffany Amorosino

F:\APPL\CLIENTS\Groman\bella fonte\complaint1-4.wpd

11

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 2,322,511

Registered Feb. 22, 2000

## SERVICE MARK
### PRINCIPAL REGISTER

# BELLA SANTE

GROMAX ENTERPRISE, INC. (MASSACHU-
SETTS CORPORATION)
21 VILLAGE ROAD
DOVER, MA 02030

FOR: DAY SPA SERVICES, NAMELY, TAN-
NING, MASSAGE AND MANICURE SERVICES;
AND HEALTH SPA SERVICES, IN CLASS 42
(U.S. CLS. 100 AND 101).

FIRST USE 3-1-1996; IN COMMERCE
3-1-1996.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "SANTE", APART FROM THE
MARK AS SHOWN.

THE ENGLISH TRANSLATION OF "BELLA
SANTE" IS "BEAUTIFUL HEALTH".

SN 75-978,677, FILED 6-23-1997.

BARBARA A. LOUGHRAN, EXAMINING AT-
TORNEY

*Maureen, look at this massage of your company's name! Patricia*

action unlimited

monday, november 29, 2004   pg. 25



## BELLA FONTE

D A Y   S P A

### *The Spa in Concord*
*89 Thoreau Street, Concord, MA 01742 •978.371.9100*

### heavenly *Body Treatments*

| | |
|---|---|
| Skin Rejuvenating Salt Scrub | $100 |
| Detoxifying Wrap | $130 |
| Hydrating Wrap | $130 |
| Cellulite Wrap | $130 |
| Aromatherapy Oil Wrap | $130 |
| Body Bronzing Treatment | $100 |

### hair removal *Services*

| | |
|---|---|
| Eyebrow Design | $20 |
| Lip | $13 |
| Chin | $15 |
| Bikini | $30+ |
| Brazilian | $60+ |
| Lower Arm | $30 |
| Upper Arm | $30 |
| Full Arm | $50 |
| Under Arm | $25 |
| Lower Leg | $35 |
| Upper Leg | $35 |
| Full Leg | $60 |
| Upper Leg with Bikini | $55 |
| Lower Leg with Bikini | $55 |
| Full Leg with Bikini | $80 |

### rejuvenating *Skin Care*

| | |
|---|---|
| Lamer Facial | $250 |
| Bella Fonte Spa Facial | $95 |
| Deluxe Vitamin C Facial | $135 |
| Sensitive Skin Facial | $95 |
| Deep Pore Refining Facial | $135 |
| Thermal Oxygen Facial | $120 |
| Hydrolifting Facial | $120 |
| Algo Mask Facial | $100 |
| Collagen Facial | $135 |
| A.H.A. Treatment | $50 |

### manicure

| | |
|---|---|
| Bella Bella Manicure | $55 |
| with French Manicure | $59 |
| Bella Manicure | $30 |
| Polish Change | $15 |

### pedicure

| | |
|---|---|
| Bella Bella Pedicure | $90 |
| with French Pedicure | $94 |
| Paraffin Treatment/Hands or Feet | $15 |
| Bella Pedicure | $55 |
| Polish Change | $20 |

### microdermabrasion

| | |
|---|---|
| Single Treatment-face and neck | $150 |
| Series of Six Treatments | $800 |
| Microdermabrasion Treatment *with* Créme Dalamer Cream and Serum | $200 |

**body wraps** • **facials** • **manicures** • **pedicures** • **microdermabrasion** • **hair removal** • **gift cards**

## Opening
## December 1st

### Call for appointment
## 978.371.9100

hours *of* operation

| | |
|---|---|
| Monday | 10:00 to 5:00 |
| Tuesday | 10:00 to 8:00 |
| Wednesday | 10:00 to 8:00 |
| Thursday | 10:00 to 8:00 |
| Friday | 10:00 to 6:00 |
| Saturday | 10:00 to 6:00 |
| Sunday | Day of Rest |

Facials • Massage • Body Wraps • Manicure • Pedicure • Hair Removal • Aromatherapy • Gift Cards



# BELLA SANTÉ.
## THE SPA AT NEWBURY

## PRICE LIST: NOVEMBER 2003

### REJUVENATING SKIN CARE

| | | |
|---|---|---|
| Decléor Aromaplasty Facial | 50/80 minutes | $97/$145 |
| Complex C Facial | 50 minutes | $97 |
| Bella Santé Spa Facial | 50 minutes | $90 |
| Phytomer Sensitive Facial | 50 minutes | $90 |
| Somme Institute MDTS Facial | 30 minutes | $85 |
| Quenching Ampoule Treatment | 30 minutes | $65* |
| Micro-Mask Eye Contour | 30 minutes | $45" |

### DELUXE FACIALS

| | | |
|---|---|---|
| Carita Pro-Lifting Facials | 80 minutes | $165 |
| Phytomer Ogénage Prestige Facial | 80 minutes | $145 |
| Champagne Yeast Facial | 80 minutes | $140 |
| Deep Pore Refining Facial | 80 minutes | $135 |
| Gentleman's Hot Shave Facial | 80 minutes | $135 |

### NURTURING MASSAGE

| | | |
|---|---|---|
| ACE Massage | 80 minutes | $145 |
| Hot Rock & La Stone™ Therapy | 80 minutes | $140 |
| Pregnancy Massage | 80 minutes | $140 |
| Spa Massage | 50/80 minutes | $90/135 |
| Sports Massage | 50/80 minutes | $90/135 |
| Aromatic Massage | 50/80 minutes | $90/135 |

### HEAVENLY BODY TREATMENTS**

| | | |
|---|---|---|
| Sea Tonic Body Wrap – *Firming & Tightening* | 80 minutes | $140 |
| ACE Body Treatment – *Moisturizing* | 50 minutes | $97 |
| Moor Mud Wrap – *Remineralizing* | 50 minutes | $97 |
| Body Bronzing – *Tanning* | 50 minutes | $85 |
| Body Buff – *Refining* | 20 minutes | $60 |

*May be added to a facial appointment or performed individually. **Many of our Body Treatments are contraindicated for pregnant women. Please ask your esthetician for more details.

### MANICURE & PEDICURE

| | | |
|---|---|---|
| Bella Bella Manicure | 50 minutes | $55 |
| French Manicure | 30 minutes | $30 |
| Bella Manicure | 30 minutes | $27 |
| Bella Bella Pedicure | 80 minutes | $90 |
| French Pedicure | 50 minutes | $63 |
| Bella Pedicure | 50 minutes | $60 |

### HAIR REMOVAL SERVICES

| | | | |
|---|---|---|---|
| Brow Tweezing $35 | Half/Full Legs $40/60 | Back/Chest $40+ | |
| Eyebrows $20 | Half/Full Arms $30/40 | Underarms $20 | |
| Lip/Chin $15 | Brazilian Bikini‡ $85 | Bikini $35+ | |

*Please note:* Allow 2-weeks of hair growth before waxing treatments.
*Important:* If you are taking Retin-A, stop at least two weeks prior to waxing; if you are taking Accutane, stop one month before waxing. ‡Includes time for the required pre-treatment shower.

### SPA ETIQUETTE

**Please turn off your cell phones and pagers.** The Spa is an oasis of peace and quiet. For your convenience there is a phone available at the front desk. Our staff will gladly take messages while you enjoy your treatment undisturbed.

**We love kids,** but the Spa is a place where Moms and Dads come to rest and recharge their batteries. So please, make babysitting arrangements in advance and come enjoy the Spa without your little ones.

**Reservations and cancellations.** When calling for reservations, have your credit card and your gift card number handy. If you need to cancel your appointment, please call us at least 24 hours ahead of time; 48 hours for multiple services. We will charge you for a canceled appointment only as a last resort.

**GIFT CARDS** A Bella Santé Spa Gift Card is the gift no one returns and everyone remembers. One size fits all. Spa Gift Cards are welcomed any time: for the holidays, birthdays, Mother's Day, Valentine's Day, anniversaries, as wedding gifts, or simply when you want to say "I love you" to someone special. Gift Cards are issued in any denomination and may be used for any Spa service throughout the year. Your gift card will be accompanied by your personalized note and mailed or delivered in a beautiful packaging. Your Gift Card must be presented at the time of service. Gift Cards expire after one year and cannot be replaced if lost or stolen.

**OUR GUARANTEE IS A PROMISE KEPT.** We love our clients to leave the Spa satisfied with our services. That's why they come back again and again. If, for any reason, you are not satisfied please notify the Spa Management and we'll address your concern immediately.



Commonwealth Ave.
38 Newbury St.
Berkeley St.
Arlington St.
Public Gardens
Boylston St.

38 Newbury St., 2nd floor, Boston MA 02116

BEST OF BOSTON 2000 BEST DAY SPA
BEST OF BOSTON 2001 BEST MANICURE
BEST OF BOSTON 2002 BEST DAY SPA
BEST OF BOSTON 2003 BEST MANICURE
BEST OF BOSTON 2003 BEST DAY SPA
BOSTON'S BEST 2000



Telephone: 617•424•9930   Fax: 617•437•1405   www.Bellasante.com

# BRICKLEY, SEARS & SORETT, P.A.

TELEPHONE
(617) 542-0896

ESTABLISHED 1913

FAX (617) 426-2102

MICHAEL P. FRIEDMAN
email: nolo@aol.com

75 FEDERAL STREET

BOSTON, MASSACHUSETTS 02110

December 3, 2004

Mr. Mohammed Basal
Bella Fonte Day Spa
89 Thoreau Street
Concord, MA 01742

BY CERTIFIED AND FIRST CLASS MAIL

Re:  Cease and Desist Notification

Dear Mr. Basal:

We are counsel to the owner of a business operating day spa's at two locations, Bella Sante, the Spa on Newbury and Bella Sante, The Spa in Lexington.  Bella Sante is a federally registered trademark owned by our client which covers day spa services.

We have been informed that you have begun operation of a business named Bella Fonte Day Spa, The Spa in Concord located at 89 Thoreau Street, Concord, MA.

Your operation of the business named Bella Fonte Spa is illegal and must cease immediately.  Your use of a name substantially similar to that of my client is confusing and misleading to the public to the detriment of my client.

The logo, format, color scheme, promotional materials and advertising of your business are being conducted in a manner that constitutes unfair competition under both Federal law and  the laws of the State of Massachusetts.  In addition, the services offered by your business are are of a substantially similar nature to those offered by my client and are promoted using language designed to mislead the public into believing that there is an affiliation between Bella Fonte Day Spa and Bella Sante.

It is our contention that your operation of this business entity under these circumstances is, inter alia, a violation of Federal Trademark law, copyright law, unfair competition and an unfair and deceptive business practice under Massachusetts General Laws Chapter 93A et. seq.

You are hereby notified that you must immediately cease and desist your unfair and deceptive business practices and unfair competition.  In addition you are notified that you must immediately cease and desist all further infringement upon the ownership and exclusive right of use of the Federal Trademark, Bella Sante.

Very truly yours,

Michael P. Friedman
For Brickley, Sears & Sorett, P.A.

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Bella Sante, Inc. d/b/a Bella Sante Day Spas and Gromax Enterprises, Inc.

**DEFENDANTS** CLERK'S OFFICE FILED

Bella Fonte Day Spa, Inc.

**(b)** County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

2005 FEB 29  P 2: 55
County of Residence of First Listed Defendant  Middlesex County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.
U.S. DISTRICT COURT
DISTRICT MASS.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  (617) 542-0896
Brickley, Sears & Sorett, 75 Federal Street, Boston, MA  02110, John E
Sutherland, Michael P. Friedman, Angela H. Magary, Attorneys of

Attorneys (If Known)
Alan R. Goodman, Goodman, Greenzang & Barwin

05    10394 MLW

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
15 U.S.C. 1114 and 15 U.S.C. 1125

Brief description of cause:
Trademark Infringement and unfair competition

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NUMBER

DATE
02/25/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Bella Sante, Inc d/b/a Bella Sante Day Spas vs. Bella Foote Day Spas Inc Etc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

_____ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

✓ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

_____ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

_____ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

_____ V.   150, 152, 153.

**05  10394 MLW**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?    YES   (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)    YES   (NO)
IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?    YES   NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?    YES   (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).    (YES)   NO

A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
(EASTERN DIVISION)   CENTRAL DIVISION   WESTERN DIVISION

B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME John E. Sutherland, Brickley, Sears & Sorett
ADDRESS 75 Federal Street Boston, MA 02110
TELEPHONE NO. 617-542-0896

(Cover sheet local.wpd - 11/27/00)