UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:
05-10394MLW

|  |  |
|---|---|
| BELLA SANTE, INC., d/b/a<br>BELLA SANTE DAY SPAS and<br>GROMAX ENTERPRISES, INC.<br>    Plaintiffs,<br><br>v.<br><br>BELLA FONTE DAY SPA INC.<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER AND JURY DEMAND

1-3   Defendant admits the allegations in paragraphs 1, 2, and 3.

4.    Defendant does not have sufficient knowledge to admit or deny the allegations in paragraph 4 and calls upon Plaintiffs' to prove the same.

5.    Defendant admits the allegations in paragraph 5.

6-12. Defendant does not have sufficient knowledge to admit or deny the allegations in paragraphs 6, 7, 8, 9, 10, 11, and 12 and therefore denies the allegations and calls upon Plaintiffs' to prove the same.

13-14. Defendant denies the allegations in paragraphs 13 and 14.

15.   Defendant denies the allegations in paragraph 15 and specifically denies that customer, vendors, distributors and advertisers believed they were doing business with Plaintiffs, not Defendant when they did business with Defendant.

16.   Defendant denies the allegations in paragraph 16 and says that there are significant differences in the descriptions, services and names of services. Further answering, Defendant says that many of the services offered by Defendant are services customary and necessary for day spa businesses and may therefore have been offered also by Plaintiffs.

17.   Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18 and says that the logos of Plaintiffs and Defendant are substantially, significantly and materially different. Defendant further denies that there was confusion between the two businesses and says that the services referenced in paragraph 18 are customary spa services offered by most day spas.

19. Defendant denies the allegations in paragraph 19.

20. Defendant admits receiving a letter in the form shown as Exhibit E, which letter was responded to with a letter to Plaintiffs' attorneys in the form attached hereto as Exhibit A and made a part hereof, which letter was received by Plaintiffs' attorneys in early December, 2004.

21. Defendant denies the allegations in paragraph 21 and says that since it was not using unfair business practices or unfair competition or using a trade name that infringed upon Plaintiffs' trademarks, there was nothing to cease and desist from, as had been requested.

22. Defendant restates and incorporates herein its Answers to Paragraphs 1-21 as stated above.

23-27. Defendant denies the allegations in paragraphs 23, 24, 25, 26 and 27.

28. Defendant denies the allegations in paragraph 28 and says that Defendant is no longer in business.

29. Defendant denies the allegations in paragraph 29 and says that no damage to Plaintiffs' resulted from any actions of Defendant.

30. Defendant denies the allegation in paragraph 30.

31. Defendant restates and incorporates herein its Answers to Paragraphs 1-30 as stated above.

32. Defendant admits the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33 and says that it is no longer in business.

34-36 Defendant does not have sufficient knowledge to admit or deny all of the allegations in paragraphs 34, 35 and 36 and therefore denies the allegations and calls upon Plaintiffs to prove the same.

37-38. Defendant denies the allegations in paragraph 37 and 38 and says that there are substantial differences between the design logo and business names of Plaintiffs and Defendant, that there has been no copying of Plaintiffs' services, designs or materials by Defendant and that the trade names and logos are easily distinguishable.

39. Defendant denies the allegations in paragraph 39 and says that there are substantial differences between the trade names, that Defendant did not intend to confuse "the buying public" and that the words "the spa in Concord" distinguished Defendant's business from Plaintiffs'.

40-42. Defendant denies the allegations in paragraph 40, 41 and 42.

43. Defendant denies the allegations in paragraph 43 and says that Defendant has been out of business since March, 2005.

44. Defendant denies the allegations in paragraph 44.

45. Defendant restates and incorporates herein its Answers to Paragraphs 1-44 as stated above.

46-47 Defendant does not have sufficient knowledge to admit or deny all of the allegations in paragraphs 46 and 47 and therefore denies the allegations and calls upon Plaintiffs to prove the same.

48. Defendant admits the allegations in paragraph 48.

49. Defendant does not have sufficient knowledge to admit or deny all of the allegations in paragraphs 49 and therefore denies the allegations and calls upon Plaintiffs to prove the same.

50. Defendant denies the allegations in paragraph 50.

51. Paragraph 51 is omitted in Plaintiffs' Complaint and Jury Demand.

52. Defendant admits the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53 and says that its counsel responded as shown on Exhibit A attached hereto.

54-55. Defendant denies the allegations in paragraphs 54 and 55.

56. Defendant denies the allegations in paragraph 56 and says that Defendant is no longer in business.

57-59. Defendant denies the allegations in paragraphs 57, 58 and 59.

60. Defendant restates and incorporates herein its Answers to Paragraphs 1-59 as stated above.

61. Defendant admits the allegations in paragraph 61.

62-64. Defendant denies the allegations in paragraphs 62, 63 and 64.

65. Defendant restates and incorporates herein its Answers to Paragraphs 1-64 as stated above.

66. Defendant denies the allegations in paragraph 66 and says that it is a legal conclusion as to the extent of the rights that either Plaintiff is entitled to pursuant to 15 U.S.C. §1114.

67-69. Defendant denies the allegations in paragraphs 67, 68, and 69.

70. Defendant restates and incorporates herein its Answers to Paragraphs 1-69 as stated above.

71-74. Defendant denies the allegations in paragraphs 71, 72, 73 and 74.

75. Defendant restates and incorporates herein its Answers to Paragraphs 1-74 as stated above.

76-79. Defendant denies the allegations in paragraphs 76, 77, 78 and 79.

80. Defendant restates and incorporates herein its Answers to Paragraphs 1-79 as stated above.

81-83. Defendant denies the allegations in paragraphs 81, 82, and 83.

## AFFIRMATIVE DEFENSES

1. Plaintiffs cannot succeed in their claim pursuant to 15 U.S.C. §1114 because the use by Defendant was not likely to cause confusion in the minds of the consumers.

2. Plaintiffs cannot succeed in their claim for trademark infringement because Plaintiffs' mark is a distinctive mark and may be classified as a conceptually weak mark.

3. Where the word "Bella" is either a descriptive term or a common word in a crowded field of beauty products and services, there is little likelihood of confusion by the consuming public because the consumers looks to the second word after the common adjective (Bella) and looks also to the logos, which are markedly different.

4. Defendant denies that it used the Plaintiffs' name or logo on any of its products, logos or other materials, such that any claim of unauthorized reproduction, distribution, creation of derivative works or displays is frivolous.

5. Further answering Defendant says that its employees never claimed to vendors, consumers or anyone else that Defendant was in any way connected with Plaintiffs.

4

WHEREFORE, Defendant demands that the Complaint be dismissed with counsel fees and costs awarded to defendant.

Defendant demands a trial by jury on all issues contained in the Complaint for which a trial by jury is permitted.

Bella Fonte Day Spa, Inc.<br>
by its attorney<br>
<br>
_____<br>
Alan R. Goodman, BBO# 201600<br>
GOODMAN, GREENZANG & HURWITZ, PA<br>
220 Boylston Street, Suite 104<br>
Chestnut Hill, MA 02467-2005<br>
(617) 332-9911

Dated: June 3, 2005

## CERTIFICATE OF SERVICE

I, Alan R. Goodman, Esquire state that on this day I caused a copy of Defendant's Answer and Jury Demand to be served upon Plaintiffs' counsel listed below via first class, postage prepaid mail:

John E. Sutherland, Esquire
Michael P. Friedman, Esquire
BRICKLEY, SEARS & SORETT, P.A.
75 Federal Street
Boston, MA 02110

                                           Alan R. Goodman, BBO# 201600
                                           GOODMAN, GREENZANG & HURWITZ, PA
                                           220 Boylston Street, Suite 104
                                           Chestnut Hill, MA 02467-2005
Dated: June 3, 2005                    (617) 332-9911

**EXHIBIT A**

LAW OFFICES
## GOODMAN, GREENZANG & HURWITZ
AN ASSOCIATION OF INDEPENDENT ATTORNEYS
220 BOYLSTON STREET, SUITE 104
CHESTNUT HILL, MASSACHUSETTS 02467-2005

ALAN R. GOODMAN
alan@goodmanlegal.com
STEVEN S. GREENZANG
sgreenzang@socialaw.com
WARREN J. HURWITZ
warren@warrenhurwitz.com

CHIARA URBANI LAPLUME
chiara@goodmanlegal.com

TELEPHONE/TTY (617) 332-9911
TELEFAX (617) 332-9399

December 8, 2004

Michael P. Friedman, Esquire
Brickley, Sears & Sorett, PA
75 Federal Street
Boston, MA 02110

RE: Bella Fonte Day Spa, Inc.

Dear Mr. Friedman:

I am responding to your letter of December 3, 2004. Please be advised that I represent Bella Fonte Day Spa, Inc. ("Bella Fonte") with regard to your allegations of trademark infringement and other violations. Therefore, please direct all further correspondence and contact to this office and not to Bella Fonte Day Spa or Mr. Basal.

You do not state in your cease and desist letter whether you represent Bella Santé, Inc. which owns the Bella Santé mark, but merely the owner of the business. You make no mention of your representation of Bella Santé, Inc. ("Bella Santé") in your letter, but I will assume that you represent that corporation.

We deny that there have been improper actions on the part of Bella Fonte. I will discuss the matters that you have raised by separating out each claim.

### Trademark

In order to succeed on a trademark infringement claim, a plaintiff must prove that it is the senior user of a valid trademark which, as used by the junior user is "likely . . . to cause confusion." 15 U.S.C. §1114(1)(a); Esquire, Inc. v. Esquire Slipper Manufacturing Co., 243 F.2d 540, 543 (1st Cir. 1957); Valmor Products Co. v. Standard Products Corp., 464 F.2d 200, 202 (1st Cir. 1972) (the fact that two companies' names were spelled identically was a factor in regard to the likelihood of confusion).

In order to determine whether a defendant has violated a plaintiff's right to the exclusive use of its mark, the test is to ascertain whether the defendant has carried on its business in such a way as to make it likely that ordinary patrons of the Defendant would

Michael P. Friedman, Esquire
Brickley, Sears & Sorett, PA
December 8, 2004
Page 2 of 4

confuse Defendant's place of business with Plaintiff's. Coca-Cola Co. v. Show Crest Beverages, 162 F.2d 280, 283 (1st Cir. 1947). Tthe First Circuit that the ultimate question of the likelihood of consumer confusion as to the source, namely who produces the goods or services, is a question of fact. Thomas Kerfoot & Co., Ltd., v. Louis K. Liggett Co., 67 F.2d 214 (1 Cir. 1933). Bella Fonte does not dispute that Bella Santé is the senior user of the mark "Bella Santé" or "Bella Santé," but it does challenge that Bella Fonte is using Bella Santé's marks and further flatly denies that Bella Fonte's use of its Massachusetts registered is likely to cause customer confusion for patrons or potential clients.

The core element of trademark infringement is the likelihood of confusion. There are eight factors to be weighed in determining likelihood of confusion: (1) the similarity of the marks; (2) the similarity of the goods; (3) the relationship between the parties' channels of trade; (4) the relationship between the parties' advertising; (5) the classes of prospective purchasers; (6) evidence of actual confusion; (7) the defendant's intent in adopting its mark; and (8) the strength of the plaintiff's mark. No one factor is necessarily determinative, but each must be considered. I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27, 43 (1st Cir. 1998).

We will, for the purposes of this letter only, assume that the Bella Santé mark is sufficiently arbitrary to be eligible for trademark protection. The word "Bella" is Italian for "beautiful," and also appears in the Bella Fonte mark. The word "Santé" is French for "health" and does not appear in the Bella Fonte mark. "Fonte" is Italian for "source," and does not appear in the Bella Santé mark. It therefore appears that you are claiming trademark infringement essentially based on the use of the word "Bella." Because of its meaning, Bella is a popular choice for names or a portion of names for beauty-related products and services. It can further be argued that Bella, in and of itself, is considered descriptive of the product or service provided.

Where there has been extensive third party use of similar marks on similar goods, even an arbitrary mark may be classified as weak. Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 290 F.Supp.2d 1083, 1091 (C.D. Cal. 2003) (Carney, J.). This is known as the "crowded field" doctrine. See Miss World (UK) Ltd. v. Mrs. America Pageants, Inc., 856 F.2d 1445, 1449 (9th Cir. 1988) ("a mark which is hemmed in on all sides by similar marks on similar goods cannot be very 'distinctive.' It is merely one in a crowd of marks. In such a crowd, customers will not likely be confused between any two of the crowd and may have learned to carefully pick out one from the other."); Therefore, "Bella" is either descriptive term or a common word in a crowded field of beauty products and services. Either way, the mark is conceptually weak because the word Bella is in common usage in the beauty product and service field. Accordingly, the likelihood of confusion by the consuming public is very unlikely, where the consumer looks to the second word after the common adjective and looks also to the logo.

Michael P. Friedman, Esquire
Brickley, Sears & Sorett, PA
December 8, 2004
Page 3 of 4

     Moreover, the logos for the two companies are substantially different. Bella Santé's logo consists of the words "BELLA" and "SANTE'" in a violet font separated by a lavender flowers bouquet that is tied together with a violet ribbon. The violet font is somewhat similar to Arial or Tahoma fonts, but prominently more elongated. Below the Bella Santé design described above, are the words "on NEWBURY / in LEXINGTON" in green font. The telephone numbers for Bella Santé's two locations in a gray font appear on some but not all logos used. The logo for of Bella Fonte is an oval medallion consisting of two horizontally angled concentric ovals. Between the two ovals are the words "BELLA FONTE" at the top in what appears to be a black Times New Roman font, and "DAY SPA" at the bottom in what appears to be in a black Arial font. Inside the inner oval is a picture of two yellow flowers, which could be gladiolus flowers. There are two similar versions of the logo: in one logo the outer oval is black while the inner oval is a gray color with a hint of green, while in the other logo the ovals are black on one side and fade to the same gray-green color on the other side. The text "The Spa in Concord" sometimes appears below the above-described medallion in an off-brown font. I am attaching black and white copies of the logos used for your reference. Since there are no similarities with the two companies' logos, anyone who sees the logos would immediately know they were dealing with two different businesses.

Copyright

     Copyright law seeks to protect creative works that have been "fixed", namely put in a concrete form. In keeping with the line of cases requiring minimum creativity, the Copyright Office has promulgated a regulation that "[w]ords and short phrases such as names, titles, and slogans. . ." do not qualify for copyright protection. 37 C.F.R. §202, 1(a); See also Feist Publications, Inc. v. Rural Telephone Service Co., 499 U.S. 340 (1991); Magic Marketing v. Mailing Services of Pittsburgh, 634 F.Supp. 769 (W.D.Pa. 1986). As such, the use of already existing words "bella" and "santé" does not appear to amount to the requirement of an original work of authorship that is needed for copyright rights to take hold.

     Moreover, even if the Bella Santé's name were copyrightable, a fact which we deny, Bella Fonte has never used the Bella Santé name on any of its products, logos or other materials. As such, there is no claim of unauthorized reproduction, distribution, creation of derivative works or display, nor any violation of moral rights. As a result, your claim of copyright infringement is frivolous.

Unfair Competition

     Having determined that we have not breached any of Bella Santé's trademark rights or copyright, if any, we fail to see how Bella Fonte is in any way liable under a claim of unfair competition. Bella Santé runs a spa; my client runs a spa. You have not indicated how anything improper at all has taken place, except to falsely state that Bella Fonte's services are promoted by the use of language designed to mislead the public into believing that there is an affiliation between the two businesses, which Bella Fonte flatly denies.

Michael P. Friedman, Esquire
Brickley, Sears & Sorett, PA
December 8, 2004
Page 4 of 4

Chapter 93A

You also claimed unfair and deceptive trade practices. Except for your false statement that Bella Fonte's services are promoted by the use of language designed to mislead the public into believing that there is an affiliation between the two businesses, which Bella Fonte flatly denies, there is nothing in your letter which clarifies how Bella Fonte conduct "attained the level of rascality that would raise the eyebrow of someone inured to the rough and tumble world of commerce." Levings v. Forbes & Wallace, Inc., 8 Mass.App. 498 (1981).

As such, we must inform you that you have failed to show any reason for Bella Fonte to cease use of its registered service mark.

If you wish to discuss this further, please do not hesitate to contact me.

Very truly yours,

Alan R. Goodman

ARG/CUL
w/attachments
cc:   Bella Fonte Day Spa, Inc.